**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLES SMITH,

Petitioner,

v.

WILLIAM HUTCHINGS, *et al.*,

Respondents.

Case No.: 2:20-cv-01781-RFB-VCF

**Order**

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss in response to Petitioner Charles Smith's amended petition for a writ of habeas corpus (ECF No. 23). ECF No. 29. Respondents argue that the petition is untimely, and that both the two grounds for relief are either unexhausted or procedurally defaulted. For reasons that follow, the motion is granted.

## I. BACKGROUND[1]

In January 2017, Smith was charged with murder with use of a deadly weapon via an indictment filed in the Eighth Judicial District Court for Clark County, Nevada. The indictment was based on allegations that he committed the willful, premeditated, and deliberate killing of Jeffrey Ji with a firearm. In July 2018, Smith entered into a guilty plea agreement under which he would plead guilty to second-degree murder with use of a firearm, and the parties would stipulate to a sentence of 10 to 25 years on the murder and a sentence capped at 4 to 10 years on the weapon

[1] The information in this section is drawn from the state court record filed at ECF No. 30 and this Court's docket.

enhancement with the defense being permitted to argue for a lower term. After a hearing in September 2018, the court sentenced Smith to 10 to 25 years for the murder and a consecutive term of 4 to 10 years on the weapon enhancement for an aggregate sentence of 14 to 35 years. A judgment of conviction was entered on September 17, 2018. Smith did not file a direct appeal.

Smith filed a motion to modify his sentence on July 15, 2019, which was denied on August 20, 2019. He did not file an appeal. On July 22, 2019, Smith filed his first pro se petition for writ of habeas corpus in the state district court in which he raised one claim of ineffective assistance of trial counsel for failing to present mitigating evidence and arguments at sentencing. The state district court entered an order denying the petition on October 24, 2019. Smith did not file an appeal.

On September 21, 2020, Mr. Smith handed to prison officials for mailing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After payment of the filing fee, this Court ordered the Clerk of Court to file the petition and appointed the Federal Public Defender to represent Smith in this proceeding.

Smith filed a second state pro se petition for writ of habeas corpus in the state district court on February 18, 2021. On May 19, 2021, the state district court entered an order denying the second state petition as untimely. Smith appealed. On May 24, 2021, this Court granted Mr. Smith's request for a stay of federal proceedings until his pending state post-conviction proceedings were concluded. On October 13, 2021, the Nevada Court of Appeals affirmed the denial of Smith's second state petition as untimely pursuant to Nevada Revised Statute ("NRS") § 34.726(1), successive pursuant to NRS § 34.810(2), and procedurally barred because Smith failed to demonstrate good cause and actual prejudice. The remittitur issued on November 8, 2021.

Smith moved to reopen this case on December 20, 2021. This Court granted the motion and issued a scheduling order directing Smith to file an amended petition. On March 10, 2022, he filed the amended petition that is the subject of Respondents' motion to dismiss.

**II. DISCUSSION**

1. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). Id. Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding, or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition, however, is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

While they disagree as to the exact date Smith's one-year federal filing period concluded, the parties agree that it was no later than March 5, 2020. Thus, Smith filed his initial federal petition at least 200 days after the deadline imposed by § 2244(d)(2); and he filed his amended petition at least two years after the deadline. Smith argues, however, that he is entitled to equitable tolling of the statute of limitations that would render his initial petition timely. He further argues that the

claims in his amended petition are timely because they relate back to his initial petition. The Court addresses each of these arguments in turn.

**A. Equitable Tolling**

The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). Yet, equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649 (quoting Pace, 544 U.S. at 418). A petitioner "must show that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011). Accordingly, he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. See, e.g., Bryant v. Arizona Att. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) (untimeliness must be "caused by an external impediment and not by [petitioner's] own lack of diligence"). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

The Ninth Circuit has "adopted the 'stop clock' approach to analyzing claims for equitable tolling," under which the "statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)). In the context of equitable tolling, the stop-clock approach operates the same

as it would for statutory tolling: "[a]ny period during which both extraordinary circumstances and diligence are shown does not count toward the statute of limitations." Id.

Smith argues that he is entitled to equitable tolling due to the confluence of two factors: his mental health issues and the pandemic. With respect to the former, he claims that multiple neurological insults, including in utero cocaine exposure, childhood lead poisoning, numerous adverse childhood experiences, and multiple head injuries disrupted the course of normal brain development. According to Smith, he struggles with significant symptoms associated with mental illness that prevented him from being able to file a timely petition on his own, including extreme anxiety and paranoia in addition to hearing voices in his head that encourage him to harm others. Additionally, he argues that the restrictions imposed in response to the pandemic both exacerbated his mental health issues and limited his access to the resources he needed to file his petition on time.

The Court is not convinced that Smith meets both the diligence and extraordinary circumstance requirements for equitable tolling. To begin, Smith's one-year filing period had already concluded by March 8, 2020—the date on which Smith claims the restrictions resulting from the pandemic were first imposed. Prior to that, he waited 271 days from the date his conviction became final to seek any relief at all. When his first state post-conviction petition was denied by the state district court in October 2019, he was instructed that he had 33 days to file a notice of appeal, an act that requires little effort and no legal knowledge. Smith did not appeal, then nearly a year passed before he initiated this case.

As for Smith's mental health issues, a petitioner seeking equitable tolling on the grounds of mental impairment must show that the impairment was so severe that the "petitioner was unable rationally or factually to personally understand the need to timely file" or that the "petitioner's

mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). In addition, the petitioner must show that he was "diligen[t] in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." Id. at 1100.

Smith's proffered evidence of his mental impairments—Dr. Messamore's report and his own declaration—shows that Smith struggles with extreme anxiety and paranoia in addition to hearing voices in his head that encourage him to harm others. The evidence does not show, however, that he was unable to understand, rationally or factually, the need to timely file his petition, or that his mental state rendered him unable to prepare the habeas petition and effectuate its filing. Confusion or ignorance of the law alone does not qualify as an extraordinary circumstance warranting equitable tolling. See Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

For the foregoing reasons, Smith is not entitled to equitable tolling. Thus, his initial petition is barred under § 2244(d)(2).

**B. Relation Back**

For amended federal petitions filed beyond the statutory period, the Supreme Court's decision in Mayle v. Felix, 545 U.S. 644 (2005), limits a habeas petitioner's ability to have newly-added claims "relate back" to the filing of an earlier petition and, therefore, be considered timely under 28 U.S.C. § 2244(d). The Supreme Court held that an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition. Mayle, 545 U.S. at 663-64. The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence," for the

purposes of Fed. R. Civ. P. 15(c), will consist of each separate set of facts that supports a ground for relief. Id. at 661. The scope of Rule 15(c) must be read in light of Habeas Rule 2(c), which "instructs petitioners to 'specify all [available] grounds for relief' and to 'state the facts supporting each ground.'" Id. (alteration in original).

Because Smith's initial petition was filed beyond the statutory period, there is no timely petition to which is claims can relate back. Even if his initial petition was timely, only Ground 1 of the amended petition arguably relates back to claims contained in his initial petition. In Ground 1 of the amended petition, Smith alleges that his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution were violated when counsel failed to present mitigating evidence concerning his neurological and mental health conditions at the time of the incident. His initial petition makes reference to the fact that the trial court was never presented with evidence of his mental impairments. Ground 2, however, which is a claim that counsel was ineffective by failing to object to the weapons enhancement on double jeopardy grounds shares no common core of operative facts with claims in Smith's initial petition.

2. Exhaustion / Procedural Default

Before a prisoner seeks federal habeas relief, he must exhaust his state court remedies before presenting his constitutional claims to the federal courts. 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); Vang v. Nevada, 329 F.3d 1069, 1075 (9th Cir. 2003). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.

Coleman v. Thompson, 501 U.S. 722, 731 (1991). If an unexhausted claim would be denied on procedural grounds if it were to be presented to the state court, the claim is technically exhausted but procedurally defaulted. Cooper v. Neven, 641 F.3d 322, 328 (9th Cir. 2011).

Smith concedes that both grounds in his petition are technically exhausted but procedurally defaulted. He contends, however, that he can establish cause and prejudice to overcome the defaults under Martinez v. Ryan, 566 U.S. 1 (2012). Under Martinez, the ineffective assistance or lack of post-conviction counsel may serve as cause for the procedural default of an ineffective assistance of trial counsel claim. Martinez, 566 U.S. at 14. For the Martinez exception to apply, a petitioner must show that that the underlying ineffective assistance of counsel claim is "substantial," which means that it "has some merit." Martinez, 566 U.S. at 14; see also Strickland v. Washington, 466 U.S. 668 (1984) (ineffective assistance of counsel requires a showing of deficient performance and resulting prejudice).

Neither of Smith's grounds for relief meet the substantiality requirement because Smith cannot establish that, but for trial counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his criminal proceeding would have been more favorable. See Strickland, 466 U.S. at 694. With respect to Ground 1, the trial judge followed the parties' stipulation and imposed the lesser of the two possible sentences for second-degree murder (see Nev. Rev. Stat. § 200.030(5)) even though the Department of Parole and Probation recommended the harsher one. Smith contends that evidence that he was in a state of delirium at the time of the shooting, as Dr. Messamore opined, would have "render[ed] [him] less culpable and represent[ed] a significant argument as to why he should have received a lesser sentence on the weapon enhancement." Even so, it is only conceivable, not reasonably likely, that Smith would have

received a lighter sentence. That falls short of meeting the Strickland prejudice standard. See Harrington v. Richter, 562 U.S. 86, 111-12 (2011).

Smith's ineffective assistance counsel claim in Ground 2 has even less merit in that there is virtually no chance that trial counsel could have successfully argued that the weapons enhancement constituted a violation of the Double Jeopardy Clause. The Nevada Supreme Court has soundly rejected the argument. See Nevada Dep't of Prisons v. Bowen, 745 P.2d 697, 699 (Nev. 1987). Smith suggests that Apprendi v. New Jersey, 530 U.S. 466 (2000), provides a basis for arriving at a different result. Apprendi, however, does not concern double jeopardy and did nothing to overrule Missouri v. Hunter, 459 U.S. 359 (1983), the case upon which the Nevada Supreme Court relied upon in Bowen.

For the foregoing reasons, both grounds in Smith's amended petition are procedurally defaulted, and the defaults are not excused under Martinez.

## III. CERTIFICATE OF APPEALABILITY

This is a final order adverse to Petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability ("COA"). Accordingly, the Court has sua sponte evaluated the claims within the petition for suitability for the issuance of a COA. See 28 U.S.C. § 2253(c); Turner v. Calderon, 281 F.3d 851, 864-65 (9th Cir. 2002).

Under 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473,

484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. Id.

After reviewing its conclusions that Smith's amended petition is untimely, and that both of his substantive habeas claims are procedurally defaulted, the Court finds that the ruling does not meet the Slack standard. The Court therefore declines to issue a certificate of appealability for its resolution of Smith's petition.

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 29) is **GRANTED**. The amended petition (ECF No. 23) is **DISMISSED** as time-barred and procedurally defaulted. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

Dated: September 25, 2023



U.S. District Judge Richard F. Boulware